■ BARBARA CASHIN, Respondent, v BRIAN CASHIN, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Winick, J.), dated October 23, 1986, as awarded the plaintiff $5,000 as additional child support for 1985, pursuant to the parties' stipulation of settlement and judgment of divorce, and (2) so much of a resettled judgment of divorce of the same court, entered December 1, 1986, as failed to provide for visitation by the defendant husband on alternate weekends commencing at 6:00 P.M. on Fridays or anytime thereafter, and directed him to pay counsel fees.

Ordered that the appeal from the resettled judgment is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the plaintiff wife's application for an additional child support award is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties' stipulation of settlement, which survived and was not merged in the judgment of divorce, provides that the plaintiff wife is entitled to an additional lump-sum child support award of $5,000 whenever the defendant husband is in "receipt of a bonus or * * * income which shall exceed $15,000 * * * or more over and above his present salary of $63,000". The obligation is cumulative, but it is limited to a maximum sum of $5,000 per calendar year. At the time of the settlement in April 1985 the defendant husband had just received a $20,000 bonus and stipulated that the children were entitled to $5,000 of that bonus, although the payment of

this sum was deferred for one year, to March 1986. This sum was eventually paid to the plaintiff. Thereafter, the plaintiff sought to compel the defendant to make a second $5,000 support payment, based upon his income of more than $98,000 in 1985. The defendant opposed the application on the ground he was being asked to make two $5,000 payments for the year 1985 in violation of the stipulation. The court directed payment, finding that the first $5,000 was paid for 1984 and that the second $5,000 was sought for 1985. We disagree and reverse.

That the $20,000 bonus received by the defendant in March 1985 may have been earned in 1984 is irrelevant. The stipulation makes the additional child support obligation dependent upon the "receipt" of a bonus or income in excess of $78,000 per year. This occurred in 1985, and the first $5,000 payment, though deferred, therefore covered the year 1985. The second $5,000 payment sought is triggered, according to the plaintiff, not by the receipt of a bonus earned in 1985 and paid in 1986, but rather by total income of $98,000 earned and paid in 1985, which would seem to include the very $20,000 bonus triggering the first lump-sum payment. In other words, the plaintiff is trying to collect twice for excess income received by the defendant in the calendar year 1985—once for the bonus and once for total income—in violation of the stipulated maximum lump-sum obligation of the defendant of $5,000 per calendar year. The plaintiff is entitled only to a maximum lump-sum payment of $5,000 per year. Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.